## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**UNITED STATES OF AMERICA**                                     **PLAINTIFF/RESPONDENT**

**v.**                                    **CASE NO. 4:07-CR-00236(1) GTE**

**JERMAINE TYRONE JONES**                                      **DEFENDANT/MOVANT**

### ORDER

Petitioner Jermaine Tyrone Jones, proceeding *pro se*, has filed a motion to reduce sentence.[1]  For the following reasons, the motion is denied.

### I.      Background

The record reflects that on August 7, 2007, pursuant to a written plea agreement, Jones entered a plea of guilty to possession with intent to distribute less than 50 kilograms of marijuana, a violation of 21 U.S.C. § 841(a)(1).   On September 17, 2008, Jones came before this Court for sentencing.  The Court imposed a sentence of 60 months' imprisonment, three years' supervised release, and a $100 special assessment.  Judgment was entered on September 18, 2008.  Jones did not appeal.

On December 3, 2010, Jones filed the motion for sentence reduction now before the Court.

---

[1]  The motion is improperly styled as an "Order," but it was docketed as a motion to reduce sentence.

II.     **Discussion**

Jones claims that he is entitled to a credit on his federal sentence for the period he was in state custody with a federal detainer.  More specifically, Jones asserts that he is entitled to a one-year credit on his federal sentence for the time he served in the custody of the state of Kentucky. Jones apparently was in state custody when the federal charge against him were filed.[2]

Whether a prisoner is entitled to credit on his federal sentence for time spent in custody before reporting to begin serving the sentence is controlled by 18 U.S.C. § 3585(b).  *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004).  The statute reads:

> (b) Credit for prior custody.- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed that has not been credited against another sentence.

18 U.S.C. § 3585(b).

Generally, under § 3585(b), a defendant "is entitled to credit for time spent in official detention only if it has not been credited against another sentence."  *United States v. Dennis*, 926 F.2d 768, 770 (1991); see also *United States v. Kiefer*, 20 F.3d 874, 875-876 n. 1 (8th Cir. 1994) ("Because the time [the petitioner] served in state prison was credited against his Minnesota sentence, he does not appear to be entitled to a sentence credit under § 3585(b), which only allows credit from the time that has not been credited against another sentence.") (omitting

---

[2]  The record reflects that on September 13, 2007, an Order was entered directing the U.S. Marshal to file a detainer with the appropriate state authorities to reflect the pending federal charges against him.  Order filed September 13, 2007, docket entry # 12.

internal citations and quotations);  *United States v. Wilson*, 503 U.S. 329, 337 (1992) ("Congress made clear that a defendant could not receive a double credit for his detention time.").

The Court does not know why Jones was in state custody or any of the circumstances of such custody.  It is unnecessary to inquire further regarding the circumstances of such custody or attempt to determine whether § 3585(b) entitles him to any relief.  The Bureau of Prisons ("BOP") must make the initial determination of whether Jones is entitled to credit on his sentence.  *Pardue*, 363 F.3d 695, 699; see also *United States v. Hayes*, 535 F.3d 907, 910 (8th Cir. 2008) (holding that only the Bureau of Prisons has the authority to determine when a federal sentence commences under § 3585(b)); *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006) ("the Bureau of Prisons is responsible for computing the sentence credit after the defendant has begun serving his sentence," making any miscalculation on the sentencing court's part "irrelevant").  Only after a defendant fully exhausts his administrative remedies with the BOP is it appropriate to seek judicial review of any jail-time credit determination.  The appropriate procedure for seeking such review is  by filing a habeas petition under 28 U.S.C. § 2241.  *Pardue*, 363 F.3d at 699.

## III.     Conclusion

IT IS HEREBY ORDERED THAT Defendant/Movant Jermaine Tyrone Jones's Motion for Sentence Reduction (docket entry # 42) be, and it is hereby, DENIED.

IT IS SO ORDERED THIS _14th_ day of January, 2011.

/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE